CHARLES SCHWARTZ *et al.*, Appellants, *v.* WILLIAM K. SOUTTER, *et al.*, Respondents.

*Court of Appeals, December* 7, 1886.

Affirming same case, 41 Hun, 323; 2 N. Y. St. ·Rep. 633.

1. *General assignment. Limited partnership.*—An assignment for the benefit of creditors made by the general partners in a limited partnership, containing preferences, is void under the provisions of sections 20, 21, of 1 Revised Statutes, 766.

2. *Same. Subsequent assignment.*—In such case, a subsequent assignment made in compliance with section 1 of chap. 466, Laws of 1877, and without any fraudulent intent in fact, is valid, and conveys the title to the property in case no rights of the partnership creditors have intervened.

Appeal from an order of the general term of the supreme court, reversing a special term order denying a motion to vacate an order for an attachment.

·It appears that on September 28, 1885, the defendants, who were general partners in a limited partnership, made a general assignment for the benefit of their creditors containing preferences, which was recorded on the day following. The assent of the assignee was not embraced in or indorsed upon the assignment before the same was recorded, as required by the act of 1877, chapter 466, section 1. Upon the day of the record this omission was discovered and an assent, dated September 28, and acknowledged on the 29th, was separately recorded about an hour and a half after the assignment itself had been recorded. It also appeared that the firm finding itself insolvent sent for its counsel and was by him advised to make an assignment; and acting on his advice they executed one in good faith and without intent to hinder, delay or defraud any of their creditors or the plaintiffs herein, and without being aware

that such assignment was contrary to law. The assign-
ment contained preferences to two persons to whom the
firm was indebted.

It also appeared that before any act was done under the
assignment defendants' counsel discovered that the firm of
Soutter & Co. instead of being a general partnership was a
limited one, and included Timothy H. Porter as special
partner; and thereupon, on October 1, 1885, another assign-
ment was duly executed, acknowledged and recorded
containing no preferences, which recited the true nature of
the partnership and embraced in it the assent of the
assignee. Under this last assignment the assignee filed
his bond and schedule, treating the former assignment as a
nullity. On the 30th of December, or nearly three months
after the recording of the last mentioned assignment, the
plaintiffs procured a warrant of attachment on an affidavit
stating that said firm become insolvent on the 28th day of
September, 1885, and that "defendants Soutter and
Edwards, with intent to hinder, delay and defraud the
creditors of said limited partnership, and of giving a pref-
erence to two certain creditors hereinafter named, assigned
all the property and assets of said limited partnership," etc.
The defendants moved to vacate it, upon the affidavit of
the defendant Edwards, the two assignments and the
papers upon which the attachment was granted. The
motion was denied. From the order of denial defendants
appealed to the general term, which reversed the order and
granted the motion: "Upon the ground that the assign-
ment of September 28, 1885, was void in law and passed no
title to the assignee, because the consent of the assignee
was not embraced in, or at the end of, or indorsed upon the
assignment before the same was recorded, as required by
section 1, chapter 466, Laws 1877. And the subsequent
assignment, executed October 1, 1885, and in compliance
with the statute, no rights having intervened, was valid,
and conveyed the title to the assignee named, of the

property embraced within it, no evidence existed of any fraudulent intent in fact."

*Eugene Smith* and *John H. Miller*, for appellants.

*Delos McCurdy*, with *Messrs. Vanderpoel, Green & Cumming*, for respondents.

PER CURIAM.—Under the provisions of the Revised Statutes (3 R. S., [7th ed.] 2238, §§ 20, 21), the assignment of September 28, 1885, was void for the reason that it contained preferences. The assignment of October 1, 1885, was therefore valid. Upon this ground the order of the general term should be affirmed.

All concur.